**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARY HARRINGTON on behalf of herself and all others similarly situated, | : |
| | : |
| Plaintiff, | :    CIVIL NO. 22-12095 |
| V. | : |
| | : |
| THE STANDARD FIRE INSURANCE COMPANY d/b/a TRAVELERS OF MASSACHUSETTS, | : |
| | :    DECEMBER 12, 2022 |
| Defendant | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), Defendant The Standard Fire Insurance Company d/b/a Travelers of Massachusetts ("Standard Fire") hereby removes to this Court the action captioned as *Mary Harrington v. The Standard Fire Insurance Company d/b/a Travelers of Massachusetts*, Case No. 2284CV02226, on the docket of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts (the "State Action"). Standard Fire removes this action to the United States District Court for the District of Massachusetts because the State Action was pending in the Superior Court Department for Suffolk County of the Trial Court of the Commonwealth of Massachusetts, which is located in the District of Massachusetts.

In support of this Notice of Removal, Standard Fire respectfully alleges:

1. On or about September 27, 2022, Plaintiff Mary Harrington ("Harrington") commenced the State Action by filing its Complaint in the State Action. A true and correct copy of the Complaint, including exhibits/attachments, filed in the State Action is attached as Exhibit "1" hereto.

1

2.      The Summons and the Complaint were served on Standard Fire via certified mail sent on November 17, 2022 and received on or about November 21, 2022. This Notice of Removal is filed within 30 days of service of process, and is therefore timely under 28 U.S.C. §§ 1446(b) and 1453(b). True and correct copies of the Summons served on Standard Fire are attached as Exhibit "2" hereto.

3.      This Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C § 1332(d), because this lawsuit is a "class action," as defined by CAFA, in which there is minimal diversity of citizenship, and the amount in controversy exceeds $5 million, as explained further below. This Court also has jurisdiction under 28 U.S.C. § 1453(b) because this lawsuit is a "class action" as defined by CAFA.

## PARTIES

4.      Plaintiff Mary Harrington is, and at all relevant times was, a natural person who is a citizen of Massachusetts. Compl. ¶ 1.

5.      Defendant The Standard Fire Insurance Company is, and at all relevant times was, a corporation organized under the laws of Connecticut, with its principal place of business in Hartford, CT.[1]

## PLAINTIFF'S ALLEGATIONS[2]

6.      Plaintiff filed this case as a putative class action. Compl. ¶¶ 41-51.

---

[1] Plaintiff incorrectly alleges that Standard Fire has its principal place of business at 35 United Drive, West Bridgewater, Massachusetts. Compl. ¶ 2. Standard Fire's actual principal place of business is at One Tower Square, Hartford, Connecticut. If necessary, Standard Fire will provide evidence substantiating its principal place of business at a later stage. The Court must accept Standard Fire's allegations of these jurisdictional facts at this stage of the proceedings. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (jurisdictional facts pleaded in notice of removal must be accepted unless and until plaintiff disputes those allegations after filing of notice of removal).

[2] Standard Fire does not admit the underlying facts as alleged by Plaintiff or as summarized herein. Standard Fire expressly denies any liability to Plaintiff or the putative class. Standard Fire reserves it rights to challenge the legal sufficiency of the allegations in the Complaint. This notice is being filed for purposes of establishing jurisdiction only and does not constitute an admission of liability.

7.   Plaintiff alleges that she was involved in a motor vehicle accident involving her own vehicle and another vehicle operated by a Standard Fire insured. Compl. ¶¶ 6-7. Plaintiff alleges that vehicles involved in a collision that suffer property damage, even if repaired to pre-collision condition, are purportedly always worth less in the resale market than a comparable vehicle that has never been in a collision. *Id.* ¶¶ 26-27. Plaintiff calls this difference in market value "inherent diminution in value." *Id.* ¶¶ 9, 26. Plaintiff alleges that her vehicle sustained inherent diminution in value as a result of the collision, that she demanded that Standard Fire adjust her claim for inherent diminution in value, and that Standard Fire improperly declined to pay Plaintiff the amount of that inherent diminution in value. *Id.* ¶¶ 9, 16-22, 31-36. Plaintiff further alleges that Standard fire "has engaged in substantially similar violation of Massachusetts law . . . with respect to numerous similarly situated third-party claimants" and "with respect to numerous similarly situated individuals." *Id.* ¶¶ 37-38. Plaintiff seeks to recover on behalf of herself and as representative of "others similarly situated" who allegedly have been damaged by Standard Fire's alleged failure to pay inherent diminution in value. *Id.* ¶¶ 37-41.

8.   In Count I of the Complaint, Plaintiff asserts a claim for breach of contract. Compl. ¶¶ 52-66.

9.   In Count II of the Complaint, Plaintiff asserts a claim for violations of Mass. G.L.c. 93A, § 2. Compl. ¶¶ 67-81.

10.   In Count III of the Complaint, Plaintiff asserts a claim for violations of Mass. G.L.c. 93A for violations of Mass. G.L.c. 176D, § 3(9)(c). Compl. ¶¶ 82-91.

11.   In Count IV of the Complaint, Plaintiff asserts a claim for violations of Mass. G.L.c. 93A for violations of Mass. G.L.c. 176D, § 3(9)(d). Compl. ¶¶ 92-102.

12. In Count V of the Complaint, Plaintiff asserts a claim for violations of Mass. G.L.c. 93A for violations of Mass. G.L.c. 176D, § 3(9)(f). Compl. ¶¶ 103-113.

13. In Count VI of the Complaint, Plaintiff asserts a claim for violations of Mass. G.L.c. 93A for violations of Mass. G.L.c. 176D, § 3(9)(n). Compl. ¶¶ 114-124.

14. In Count VII of the Complaint, Plaintiff asserts a claim for declaratory judgment. Compl. ¶¶ 125-129.

15. Against Standard Fire, Plaintiff demands an order determining that the acts of Standard Fire constituted breaches of contract, an order determining that the acts of Standard Fire constituted violations of Mass. G.L.c. 93A and Mass. G.L.c. 176D, damages together with interests, costs, and reasonable attorneys' fees, an order permanently enjoining Standard Fire from continuing the allegedly unlawful actions that are the subject matter of the Complaint, and a stipend for serving as a class representative. Compl., Prayers for Relief.

## JURISDICTION UNDER CAFA

16. Removal is proper under CAFA, 28 U.S.C. § 1332(d)(2), where, as here, a putative class action involves minimal diversity of citizenship and an aggregate amount in controversy exceeding $5 million. Removal is also proper under 28 U.S.C. § 1453(b) because this lawsuit is "class action" as defined by CAFA.

17. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a "class action" under CAFA because it was brought under a state statute or rule, Mass. R. Civ. P. 23, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); Compl. ¶ 41.[3]

---

[3] Plaintiff seeks to certify a class pursuant to Mass. R. Civ. P. 23. *See* Compl. ¶ 41. Mass. R. Civ. P. 23 is modeled on Fed. R. Civ. P. 23 and authorizes a party to sue "as representative parties on behalf of all" in certain

4

**Minimal Diversity**

18. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). The named Plaintiff is an individual who is a citizen of Massachusetts. Compl. ¶ 1. Defendant Standard Fire is a citizen of Connecticut because it is a corporation organized under Connecticut law with a principal place of business in Connecticut. *See* ¶ 5, *supra*.

**Amount in Controversy**

19. This case satisfies CAFA's amount in controversy requirement because the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). CAFA provides that "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). As the Supreme Court has explained, "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine [sic] whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

20. The Supreme Court has further explained that "no antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy the statutory requirements for removal, "a defendant's notice of removal need include

---

circumstances, as Plaintiff seeks to do in the Complaint. Additionally, Plaintiff seeks to certify a class pursuant to Mass. G.L.c. 93A. *See* Compl. ¶ 41. Mass. G.L.c. 93A explicitly authorizes plaintiffs to bring putative class actions, as Plaintiff seeks to do in the Complaint. *See* Mass. G.L.c. 93A, §§ 9(2), 11.

only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.*

21. A search of Standard Fire's records indicates that the number of auto insurance claims made by third parties involved in accidents with Standard Fire's own insureds in Massachusetts, on which Standard Fire agreed to pay for the damage to the third-party vehicles, was 1,451 in 2021 and 1,000 for the first half of 2022. A vendor retained by Standard Fire to assist in estimating the value of vehicles when they are deemed total losses prepared an estimate of the approximate average value of the 2,451 vehicles described in the preceding sentence, which totaled $43,382,539, for an average vehicle value of $17,693.[4]

22. Plaintiff asserts proposed class claims on behalf of other third-party claimants on whose behalf Standard Fire accepted responsibility and paid for structural damage to the vehicle or where the cost to repair was in excess of $1,000. Compl. ¶ 42. Mass. G.L.c. 93A authorizes recovery of treble damages and attorneys' fees. Mass. G.L.c. 93A, §§ 9, 11. Plaintiff explicitly seeks recovery of treble damages and attorneys' fees on behalf of the putative class. Compl. ¶¶ 81, 91, 102, 113, 124. The Complaint does not allege any specific time period for the proposed class. The statute of limitations for actions under Mass. G.L.c. 93A is 4 years. Mass. G.L. c. 260, § 5A.

23. In pre-litigation correspondence that is referenced in the Complaint, Plaintiff asserted that a retail value of her vehicle presumably pre-accident was $23,500, that the post-accident value of her vehicle was $15,800, and that she was seeking $7,000 for diminution in value (29.7% of her alleged retail value). She later asserted that the retail value of her vehicle was $26,111, and made a reduced claim for diminution in value in the amount of $1,305.50

---

[4] Standard Fire has not yet been able to extract and analyze pertinent data from prior to 2021.

(approximately 5% of her alleged retail value). If all of the vehicles described in Paragraph 21 above suffered inherent diminished value as Plaintiff alleges, and in approximately the same proportion to total vehicle value as Plaintiff alleges with respect to her vehicle (which is not alleged to have sustained unusually extensive damage), then the total inherent diminished value on Standard Fire claims potentially falling within Plaintiff's vaguely-defined proposed class would be between $2.2 million and $12.9 million for the years 2021 and 2022 (calculated as 5% and 29.7%, respectively, of $43,382,539). (*Id.*) Based on Plaintiff's higher amount claimed, the amount in controversy requirement under CAFA is met by the putative class members' single damages for 2021 and the first half of 2022 alone. Based on Plaintiff's revised, lower amount claimed, the amount in controversy requirement is readily met when treble damages and attorney's fees being claimed under Chapter 93A are included. Of course, the total amount in controversy is larger under either method of calculation, since claims from the second half of 2022, 2020, 2019, and 2018 (from September 27 of that year forward) are not included in this estimate but are potentially within the proposed class assuming the applicable time period is the limitations period applicable to Plaintiff's Chapter 93A claim.[5] The declaratory and injunctive relief sought by Plaintiff further demonstrate that the amount in controversy requirement is satisfied.

**Exceptions to CAFA Jurisdiction**

24. None of the exceptions to CAFA jurisdiction applies. Standard Fire is not a citizen of the state in which the action was filed (i.e., Massachusetts), Accordingly, 28 U.S.C. §§ 1332(d)(3) and (d)(4) do not apply. Section 1332(d)(5)(A) does not apply because Standard Fire

---

[5] As noted above, Standard Fire expressly reserves all defenses to class certification and on the merits of Plaintiff's claims and does not intend to suggest that certification of any class or any particular class period would be appropriate.

is not a State, State official, or other governmental entity against whom the Court may be foreclosed from ordering relief. Section 1332(d)(5)(B) does not apply because the number of members of all proposed plaintiff classes in the aggregate exceeds 100, as set forth above. Section 1332(d)(9) does not apply because Plaintiff's claims do not involve securities or the internal affairs or governance of a corporation or other form of business enterprise. Accordingly, this Court has original jurisdiction under CAFA.

## REMOVAL PROCEDURE

25. A copy of this Notice of Removal is being served upon all known counsel of record, along with a copy of the Notice to the Clerk of Court for the District of Massachusetts because the State Action was pending in Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, which is being filed simultaneously in that court.

26. Pursuant to 28 U.S.C. § 1447(b), true and correct copies of all other notices, processes, and proceedings served on Standard Fire or served and/or filed by Standard Fire in the State Action, which consist of: the Civil Action Cover Sheet, and the Tracking Order. These documents are attached as Exhibit "3" hereto. To the knowledge of Standard Fire, no hearings or proceedings have taken place in the State Action.

**WHEREFORE**, Standard Fire hereby provides notice that this action is duly removed to this Court.

DEFENDANT
THE STANDARD FIRE INSURANCE
  COMPANY


By /s/ *Kevin P. Daly*
   Wystan M. Ackerman (BBO #651086)
   Kevin P. Daly (BBO #675644)
   ROBINSON & COLE LLP
   280 Trumbull Street
   Hartford, CT 06103
   Tel:  (860) 275-8200
   Fax:  (860) 275-8299

## CERTIFICATE OF SERVICE

I, Kevin P. Daly, hereby certify that a copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those, if any, indicated as non-registered participants on this 12th day of December, 2022.

/s/ Kevin P. Daly
Kevin P. Daly