# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                  SUPERIOR COURT
                                              DEPARTMENT OF THE TRIAL COURT
                                              CA No. 2284CV02226

MARY HARRINGTON on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE
COMPANY d/b/a TRAVELERS OF
MASSACHUSETTS,

    Defendant.

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mary Harrington ("Harrington" or "Plaintiff"), hereby brings this action on behalf of herself and all others similarly situated against Defendant, The Standard Fire Insurance Company d/b/a Travelers Insurance Company (hereafter "Travelers" or "Defendant") to recover damages for herself and the Class, as defined herein, arising from Traveler's willful, knowing, and unlawful practice of refusing (and failing) to tender amounts owed to third-party claimants in consideration for the inherent diminution in value their automobiles suffered as a result of Traveler's insureds' negligence.

## THE PARTIES

1. Plaintiff, Mary Harrington, is a resident of Hull, Plymouth County, Massachusetts.

2. The Standard Fire Insurance Company d/b/a Travelers of Massachusetts is a foreign corporation registered in the State of Connecticut. Defendant, Travelers, is an insurance company in the business of providing professional and personal insurance to consumers throughout Massachusetts, with a principal place of business located at 35 United Drive, West Bridgewater, MA 02379.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Travelers by virtue of its transactions, marketing, advertising, and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

4. Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Harrington and the putative class because the claims for damages exceed fifty-thousand dollars ($50,000.00).

5. Venue in this matter is proper as Travelers conducts business throughout Suffolk County Massachusetts.

## FACTUAL ALLEGATIONS

6. On November 10, 2019, Harrington was involved in an accident ("Subject Collision") with Juan Morfe, a Travelers' insured.

7. The Subject Collision caused Harrington's Vehicle to sustain property damage.

8. At the time of the Subject Collision, Travelers' insured was insured under a Massachusetts Standard Auto Policy, which included indemnity benefits available to pay for third-party property damage.

9. Harrington made a demand for payment to Travelers in relation to her property damage claim for Inherent Diminution in Value ("IDV").

10. Harrington provided all information necessary for Travelers to fully adjust her property damage claim.

11. Travelers possessed all information necessary for Travelers to fully adjust Harrington's property damage claim, including for the diminished value of her vehicle.

12. Travelers possessed all information necessary to adjust the IDV portion of Harrington's IDV claim.

13. Travelers determined that its insured was liable for the damage to Harrington's vehicle.

14. Harrington's car was appraised by his first party insurance carrier.

15. Travelers received, collected, retained, and stored all information necessary to fully adjust Harrington's property damage claim.

16. Travelers refused to adjust the IDV aspect of Harrington's property damage claim.

17. Travelers refused to provide any consideration for the IDV Harrington's vehicle suffered as a result of the Subject Collision.

18. As a result of the Subject Collision, Harrington's Vehicle is now worth less than a comparable vehicle that has not suffered such damage from a collision.

19. Travelers was required to tender/pay Harrington for all property damage to Harrington's Vehicle as a result of its insured's liability, including consideration for IDV.

20. Travelers was required to tender/pay, on behalf of its insured, all sums the insured would become legally obligated to tender/pay as damages for destruction of property, including IDV, caused by the Subject Collision.

21. Massachusetts statutory law, Common-law, and/or regulatory law required that Travelers tender/pay Harrington an equitable amount in consideration for the IDV her vehicle sustained as a result of the Subject Collision.

22. The Standard Massachusetts Automobile Policy ("Policy") requires that Travelers tender/pay Harrington an equitable amount in consideration for the IDV her vehicle sustained as a result of the Subject Collision.

23. On or about August 10, 2022, Harrington forwarded the requisite class-wide M.G.L. c. 93A demand to Travelers demanding consideration for Harrington's and the Class Member's remaining IDV damages.

24. On or about September 9, 2022, Travelers responded to Harrington's class-wide M.G.L. c. 93A, § 9(3) demand in an unreasonable manner.

25. Travelers' M.G.L. c. 93A, § 9(3) demand response was unreasonable.

### GENERAL FACTS

26. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired) is worth less in the resale market than a comparable vehicle that has not suffered such damage, this is known as IDV or diminution in value.

27. IDV is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision, even assuming full repair.

28. IDV is a recoverable damage available for third-party claimants in Massachusetts.

29. IDV is a recognized damage recoverable by third-party tort victims in Massachusetts.

30. The Massachusetts Supreme Court has recognized that Part 4 of the Standard Massachusetts Automobile Policy affords coverage for third-party IDV losses.

31. Travelers is required to pay Harrington damages for the IDV to her vehicle.

32. Travelers purposefully refused to pay Harrington an equitable amount in consideration for the IDV her vehicle sustained despite its reasonably clear liability to make payments for the same.

33. Travelers violated Massachusetts law by failing to adjust Harrington's claim and refusing tender an equitable amount in consideration for the IDV to Harrington's vehicle.

34. Travelers violated Massachusetts law by failing to investigate Harrington's claim, and thereafter, tender an equitable amount in consideration for the IDV to Harrington's vehicle.

35. Travelers violated the terms of the Policy issued to its insured by failing to determine and tender an equitable amount in consideration for the IDV to Harrington's vehicle.

36. Travelers' acts and omissions as outlined herein were committed willfully, knowingly, and/or in bad faith.

37. Upon information and belief, Travelers has engaged in substantially similar violations of Massachusetts law as described herein with respect to numerous similarly situated third-party claimants.

38. Travelers has engaged in substantially similar violations as described herein with respect to numerous similarly situated individuals.

39. Travelers fails to pay/tender to third-party claimants' IDV damages even after it determines that its insured is liable for damages to the vehicle of the third-party claimant.

40. Harrington and other similarly situated individuals have been harmed and damaged by Travelers' claims settlement practices as described herein, including but not limited to not receiving consideration owed to third-party claimants for the IDV to their vehicles (with interest thereon).

## CLASS ALLEGATIONS

41. Harrington, on behalf of herself and others similarly situated, brings this action as a class action in accordance with Massachusetts Rule of Civil Procedure 23 and M.G.L. c. 93A.

42. Harrington and the Class shall be defined as:

    All individual claimants who:

    1. Suffered a property damage loss as a result of a Travelers' Insured or Travelers' Insured vehicle driver;

    2. Travelers determined that its insured (or insured vehicle driver) was/were legally liable for the property damage loss to the claimant's automobile;

    3. Travelers has already paid the third-party property damage claim, either to the claimant, the repair shop or subrogating insurer (or other person or entity);

    4. The claimant vehicle suffered structural damage as a result of the collision, and/or the cost to repair the claimant vehicle was in an amount in excess of $1,000.00; and

 5. Travelers has not paid said claimant IDV damages associated with the subject loss.

 <u>Excluded from the Class</u>: All individuals who presently have a civil action pending against Travelers regarding the subject dispute (excepting the Plaintiff) or who possessed a leased vehicle at the time of the subject collision.

43. The members of the Class are so numerous that joinder of all members would be impracticable.

44. Upon information and belief, Travelers has adjusted hundreds of third-party property damage claims wherein it failed and/or refused to provide consideration for the IDV the third-party claimant's vehicle suffered.

45. Harrington's claims are typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Travelers' similar failure to tender an equitable amount in consideration for IDV damages on the third-party claimant's property damage claim.

46. Harrington will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

47. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

 A. Whether Harrington and the Class are entitled to consideration for the IDV damages as part of their respective third-party claims;

 B. Whether Travelers' failure to tender and/or pay consideration for the IDV damages on third-party claims constitutes a violation of Massachusetts statutory law, common-law, and/or regulatory law, and if so whether such acts were committed willfully and/or knowingly;

 C. Whether Travelers' failure to tender and/or pay consideration for the IDV damages to third-party property damage claimants violates its duties under Part 4 of the terms of the Standard Massachusetts Automobile Policies issued to its insureds;

D. Whether Travelers' failure to tender and/or pay an equitable amount in consideration for the IDV damages to third-party property damage claimants violates M.G.L. c. 93A, § 2; and/or M.G.L. c. 176D, et seq.

E. The applicable statute of limitations to be determined on any or all of the successful causes of action;

F. Whether Travelers should be permanently enjoined from continuing the practice which is the subject matter of this civil action; and

G. Whether Harrington and/or the Class Members are entitled to damages, and if so the proper measure of damages.

48. A class action is the superior method of adjudication of the subject claims.

49. The members of the Class are readily ascertainable, as Travelers collects, maintains and stores all information related to third-party property damage claims.

50. A class action will cause an orderly and expeditious administration of the claims of the Class.

51. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
## BREACH OF CONTRACT

52. Harrington repeats and re-alleges the allegations set forth above.

53. The insurance policies issued by Travelers to its insureds, constitute enforceable contracts.

54. The insurance policies issued by Travelers to its other insureds (against whom Class members made property-damage claims) constitute enforceable contracts.

55. Part 4 of the policies of insurance issued to insureds whom Harrington and Class Members made property-damage claims required that Travelers pay IDV damages in the event Travelers' insured are deemed liable for the subject claim.

7

56. Travelers' insurance policies included a promise to pay Harrington and Class Members amounts that a third-party claimant would be legally entitled to collect when Travelers' insureds are found to be liable for the subject damage.

57. IDV damages are a damage that Harrington and other Class Members were legally entitled to collect from Travelers when Travelers' insureds were found to be liable for the subject collisions.

58. Travelers' insurance policies included a promise to pay Harrington and Class Members all amounts that a third-party claimant would be legally entitled to collect, which includes IDV damages, when Travelers' insureds are found to be liable.

59. Travelers accepted its liability to make payments under Part 4 of its insured contracts by making partial payments under the same provision to Harrington and Class Members.

60. Travelers has only provided partial performance under Part 4 of the terms of its standard Massachusetts Automobile Policy to Harrington and Class Members.

61. Harrington and Class Members are intended third-party beneficiaries of the insurance policies issued by Travelers to its insureds.

62. Travelers is/was required to pay consideration for the IDV damages to Harrington and Class Members in accordance with the terms of the policies issued to its insureds.

63. Travelers did not pay equitable consideration for the IDV damages to Harrington and Class Members in accordance with the terms of the policies issued to its insureds.

64. Travelers' refusal to provide complete performance constitutes a breach of contract.

65. Travelers' failure to pay equitable consideration for the IDV damages to Harrington and Class Members in accordance with the terms of the policies issued to its insureds constituted breach(es) of contract.

66. Harrington and Class Members have suffered damages as a result of Travelers' breach(es) of contract, including, but not necessarily limited to, all unpaid IDV damages, with interest thereon.

**WHEREFORE**, Harrington and Class Members respectfully request that this Court enter Judgment against Travelers' for its breach(es) of contract and award damages to adequately compensate Harrington and the Class.

## COUNT II
## VIOLATIONS OF M.G.L. C. 93A, § 2

67. Harrington repeats and re-alleges the allegations set forth above.

68. The acts and omissions of Travelers, as set forth herein, were committed willfully, knowingly and/or in bad faith.

69. Travelers was required to pay Harrington damages for the IDV to her vehicle as a result of the Subject Collision.

70. Travelers purposefully concealed the IDV damage from Harrington.

71. Travelers purposefully refused to adjust and pay Harrington IDV despite its reasonably clear liability to make payments for the same under Part 4 of its insured policies.

72. Travelers failed to tender/pay Harrington the IDV his vehicle suffered.

73. Travelers has acted in a similar manner with respect to numerous other Class Members.

74. Travelers failed to adjust and pay other Class Members for IDV to their vehicles.

75. Travelers has a business policy and practice of not mentioning the idv component of damages to third party claimants when adjusting third-party property damage claims.

76. Failing to adjust IDV damages to third-party damage claimants, as set forth herein, is an unfair and deceptive practice.

77. Failing to tender IDV damages to third-party damage claimants, as set forth herein, is an unfair and deceptive practice.

9

78. Failing to adjust IDV damages to third-party damage claimants, in accordance with the requirements of the Standard Auto Policy is an unfair and deceptive practice.

79. Failing to tender IDV damages to third-party damage claimants, in accordance with the requirements of the Standard Auto Policy is an unfair and deceptive practice.

80. As a result of Travelers' failure to determine, and tender, diminution in value damages in connection with their third-party property damage claims, Harrington and Class Members have been damaged.

81. As a result of Travelers' failure to adjust, determine, and tender, IDV damages in connection with their third-party property damage claims, Harrington and Class Members have suffered damages, including but not limited to, the unpaid IDV of their vehicles, with interest thereon.

**WHEREFORE**, Harrington respectfully requests that this Court enter Judgment against Travelers for its violations of M.G.L. c. 93A, § 2 and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

## COUNT III
## VIOLATIONS OF M.G.L. C. 93A
### (FOR VIOLATIONS OF M.G.L. C. 176D, § 3(9)(C))

82. Harrington repeats and re-alleges the allegations set forth above.

83. Pursuant to M.G.L. c. 176D, § 3(9)(c), Travelers was required, *inter alia*, to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policies.

84. Travelers failed to adopt and implement reasonable standards for the prompt investigation of all aspects of third-party property damages claims, including but not limited, assessing Harrington's and Class Member's respective IDV damage.

Date Filed 9/27/2022 5:23 PM
Superior Court - Suffolk
Docket Number

85. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of Harrington's property damage claim, including the IDV of her vehicle, Travelers failed to adjust and pay Harrington the IDV of her vehicle had suffered.

86. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of other Class Member's respective property damage claims, including the IDV of their vehicles, Travelers failed to adjust and pay other Class Members the IDV their vehicles had suffered.

87. Travelers' acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(c).

88. A violation of M.G.L. c. 176D, § 3(9)(c) is a violation of M.G.L. c. 93A, § 2.

89. Travelers' acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

90. As a result of Travelers' violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Harrington and Class Members have been damaged.

91. As a result of Travelers' violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Harrington and Class Members have suffered damages, including but not limited to, the unpaid IDV of their vehicles, with interest thereon.

**WHEREFORE**, Harrington respectfully requests that this Court enter Judgment against Travelers for its violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2, and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

**COUNT IV**
**VIOLATIONS OF M.G.L. c. 93A**
**(For Violations of M.G.L. c. 176D, § 3(9)(d))**

92. Harrington repeats and re-alleges the allegations set forth above.

93. The acts and omissions of Travelers, as set forth herein, were committed willfully, knowingly and/or in bad faith.

94. Pursuant to M.G.L. c. 176D, § 3(9)(d), Travelers was not permitted to, *inter alia*, fail and/or refuse to pay a claim without conducting a reasonable investigation based upon all available information.

95. Pursuant to M.G.L. c. 176D, § 3(9)(d), Travelers was not permitted to, *inter alia*, fail and/or refuse to adjust and pay Harrington and Class Members third-party property damage claims, including IDV damages, without conducting a reasonable investigation based upon all available information.

96. Travelers did not conduct a reasonable investigation based upon all available information with respect to Harrington's IDV damages before refusing and failing to adjust and pay the IDV damages with respect to her third-party property damage claim.

97. Travelers did not conduct a reasonable investigation based upon all available information with respect to Class Member's respective IDV damages before refusing and failing to adjust and pay the IDV damages with respect to their third-party property damage claims.

98. Travelers' acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(d).

99. A violation of M.G.L. c. 176D, § 3(9)(d) is a violation of M.G.L. c. 93A, § 2.

100. Travelers' acts and practices as described herein were committed willfully, knowingly and/or in bad faith.

101. As a result of Travelers' violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Harrington and Class Members have been damaged.

102. As a result of Travelers' violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Harrington and Class Members have suffered damages, including but not limited to, the unpaid IDV of their vehicles, with interest thereon.

**WHEREFORE**, Harrington respectfully requests that this Court enter Judgment against Travelers for its violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

**COUNT V**
**VIOLATIONS OF M.G.L. c. 93A**
**(For Violations of M.G.L. c. 176D, § 3(9)(f)).**

103. Harrington repeats and re-alleges the allegations set forth above.

104. The acts and omissions of Travelers, as set forth herein, were committed willfully, knowingly, and/or in bad faith.

105. IDV is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

106. Travelers' liability to pay Harrington and Class Members IDV damages as part of their respective third-party property damage claims was reasonably clear.

107. M.G.L. c. 176D, § 3(9)(f) mandates that an insurance company must effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

108. Travelers failed to effectuate a prompt, fair, and equitable settlement of IDV for Harrington's claim, in which liability was reasonably clear.

109. Travelers failed to effectuate a prompt, fair, and equitable settlement of IDV damages for Class Member's claims, in which liability was reasonably clear.

110. Travelers' acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(f).

111. A violation of M.G.L. c. 176D, § 3(9)(f) is a violation of M.G.L. c. 93A, § 2.

112. As a result of Travelers' violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Harrington and Class Members have been damaged.

113. As a result of Travelers' violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Harrington and Class Members have suffered damages, including but not limited to, the unpaid IDV of their vehicles, with interest thereon.

**WHEREFORE**, Harrington respectfully requests that this Court enter Judgment against Travelers for its violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2, and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

### COUNT VI
### VIOLATIONS OF M.G.L. c. 93A
### (For Violations of M.G.L. c. 176D, § 3(9)(n))

114. Harrington repeats and re-alleges the allegations set forth above.

115. The acts and omissions of Travelers, as set forth herein, were committed willfully, knowingly and/or in bad faith.

116. IDV is calculated as the difference between the market value of an automobile immediately before a collision, and its market value after the collision and repair.

117. Travelers' liability to adjust and pay Harrington's and Class Members' IDV damages as part of their respective third-party property damage claims was reasonably clear.

118. M.G.L. c. 176D, § 3(9)(n) states that it is an unfair claim settlement practice to fail "to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

119. Travelers refused and/or failed to offer Harrington IDV damages in connection with his third-party property damage claim without providing any explanation for the basis in the insurance policy in relation to the facts or applicable law for its refusal to adjust and pay Harrington's claim.

120. Travelers refused and/or failed to adjust and pay Class Members' IDV damages in connection with their third-party property damage claims without providing any explanation for the basis in the insurance policy in relation to the facts or applicable law for its refusal to adjust and pay the Class Member's claims.

121. Travelers' acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(n).

122. A violation of M.G.L. c. 176D, § 3(9)(n) is a violation of M.G.L. c. 93A, § 2.

123. As a result of Travelers' violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Harrington and Class Members have been damaged.

124. As a result of Travelers' violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Harrington and Class Members have suffered damages, including but not limited to, the unpaid IDV of their vehicles, with interest thereon.

**WHEREFORE**, Harrington respectfully requests that this Court enter Judgment against Travelers for its violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2, and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiff and the Class.

### COUNT VII
### DECLARATORY JUDGMENT

125. Harrington repeats and re-alleges the allegations set forth above.

126. There exists an actual controversy as to whether Travelers, pursuant to Massachusetts statutory, common law, and/or under the terms of its insurance policies, is required to include an equitable

15

amount in consideration for the IDV damages when it tenders and/or pays third-party property damage claims under Part 4 of the Standard Massachusetts Automobile policy.

127. There exists an actual controversy as to whether Travelers, pursuant to Massachusetts statutory, common law, and/or under the terms of its insurance policies, is required to adjust IDV damages when presented with a third-party property damage claim.

128. Harrington and the Class are entitled to a declaration as to what monies Travelers is required to pay third-party claimants when its insured has been determined to be liable for the associated third-party property damage.

129. Harrington and the Class are entitled to a declaration that all IDV damages should be, and are required to be, paid and/or tendered to third-party claimants when Travelers' insured has been determined to be liable for the associated third-party property damage.

**WHEREFORE**, Harrington and Class Members demand that this Honorable Court declare that Massachusetts law and the applicable provisions of the policies of insurance issued to its insureds required that Travelers adjust and include in any and all tenders and/or payments to third-party claimants an equitable amount in consideration for the IDV damages as set forth herein.

## PRAYERS FOR RELIEF

**WHEREFORE**, Harrington, on behalf of herself and all others similarly situated, demands judgment against Travelers as follows:

A. An order determining that this action is a proper class action and certifying Harrington as representative of the putative class;

B. An order appointing Harrington's counsel as legal representatives of the putative class in this action;

C. An order determining that the acts of Travelers as described herein constituted breaches of contract;

D. An order determining that the acts of Travelers as described herein constituted violations of M.G.L. c. 93A, § 2 and M.G.L. c. 176D, et seq. with resulting injury.

E. An order awarding Harrington and the Class damages, together with interest, costs, and reasonable attorneys' fees;

F. An order determining the appropriate statute of limitations applicable to this action;

G. An order permanently enjoining Travelers from continuing the unlawful practice which is the subject matter of this action;

H. An order awarding Harrington an appropriate stipend for acting as class representative; and

I. An order awarding Harrington and the Class any further relief as may be just and appropriate.

## JURY DEMAND

Harrington, on behalf of herself and all others similarly situated, hereby demands trial by jury on all counts of this Complaint, which are triable by a jury.

> Respectfully Submitted,
> The Plaintiff, by her Attorneys,
> /s/ *Kevin J. McCullough*
> Mazow | McCullough, PC
> Kevin J. McCullough, Esquire (BBO# 644480)
> Robert J. Hartigan, Esquire (BBO# 697304)
> Kathryne D. Masson, Esquire (BBO# 708406)
> 10 Derby Square, 4th Floor
> Salem, MA 01970
> Phone (978) 744-8000
> Fax (978) 744-8012
> kjm@helpinginjured.com
> rjh@helpinginjured.com
> kdm@helpinginjured.com

Dated: September 26, 2022